**TOLEDO (City), Appellant, v. BOARD OF TAX APPEALS et, Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5954.   Decided March 24, 1959.

Charles T. Lawton, Director of Law, Robert B. Konwin, Chief Counsel, John J. Burkhart, Asst. Director of Law, Toledo, for appellant.

Harry Friberg, Pros. Atty., Toledo, for Lucas County Budget Commission.

William C. Moore, Oregon, for City of Oregon.

## OPINION

By BRYANT, J.

This is an appeal from the final order of the Board of Tax Appeals. Appellant herein is the city of Toledo while there are three appellees, The State Board of Tax Appeals, The Lucas County Budget Commission and the city of Oregon, Ohio. Actively participating in the appeal and real parties in interest are the cities of Toledo and Oregon, Ohio, both located in Lucas County.

The appeal was set down for oral argument which was waived by agreement of counsel and the matter was submitted upon briefs, assignments of error, transcript, papers and records from the Board of Tax Appeals and supplements to the briefs, by letters dated February 11, 1959, and February 16, 1959, from opposing counsel.

It appears that residents of Oregon Township, Lucas County, Ohio, consisting of approximately twenty-eight square miles, inhabited by approximately 13,000 people and including 135 miles of streets and highways, decided to incorporate as the city of Oregon. After taking the necessary preliminary steps, the matter was placed upon the ballot at a special election early in August 1957. The requisite affirmative vote was received and officers of the new municipal corporation were elected November 5, 1957, and were sworn in November 25, 1957. Upon the latter date the Lucas County Budget Commission held its annual hearing for allocations from the local government funds and on that date the said municipal officers filed with the County Auditor of Lucas County and the Budget Commission a budget for the city of Oregon for the fiscal year 1958. The Oregon budget asked for $150,000 from the local government fund and on November 27, 1957, the Budget Commission notified Oregon officials that they had allocated the sum of $15,000 from the local government fund.

Oregon appealed to the State Board of Tax Appeals from this allocation and the Board, after a hearing, increased the allocation to the city of Oregon to $25,000, the $10,000 increase being taken away from the allocation to the city of Toledo. The State Tax Board approved the action of the Lucas County Budget Commission in all other respects.

In its appeal to this court, the city of Toledo makes two assignments of error. The first assignment is in four parts: (a) the Oregon budget was filed too late; (b) the Lucas County Budget Commission had no authority to accept it; (c) said budget commission had no authority to make any allocation to it and (d) the Board of Tax Appeals erred in overruling Toledo's motion to dismiss the city of Oregon's appeal.

On behalf of the city of Toledo, it is pointed out that under §5705.27 R. C., county budget commissions are required to begin work on budgets of the various political subdivisions on the first Monday in August and complete such work by September first unless an extension of time is

granted by the State Board of Tax Appeals; that under §5705.28 R. C., political subdivisions are required to adopt a tax budget for the next succeeding fiscal year on or before July fifteenth, and further that under §5705.30 R. C., copies of budgets of political subdivisions must be open for public inspection for ten days before adoption and at least one public hearing, preceded by ten days public notice, must be held by the political subdivision before adoption of the budget.

The second assignment of error was in two branches: (a) that need is the determining factor and that this was not established by the city of Oregon and (b) that there was unlawful determination with respect to $52,250 listed as building equipment and improvements.

In its supplementary brief, counsel for the city of Toledo stresses the failure to conduct a public hearing preceded by the publication of notice. In passing on the various questions presented to it, the State Board of Tax Appeals ruled in favor of the city of Oregon and against the city of Toledo on each issue and relied heavily upon the fact that compliance with various statutes referred to was impossible because upon the dates for taking the various steps required to be taken by municipal corporations the city of Oregon was not in existence. In the supplementary brief filed on behalf of the city of Oregon, reliance is placed on the case of City of Troy v. Miami County et al, 168 Oh St 418, and particularly upon the following language appearing at page 429:

"We hold, therefore, that, where the General Assembly enacts the same section of the Revised Code by three separate acts, effective at the same time, and one of such acts amends the existing section only by changing obsolete year dates, and the other two acts incorporate these date changes, and each adds new matter supplemental to such section which does not delete or change the language in the then existing section, and which acts, considered separately, are not in conflict with each other, each act of the General Assembly must be given equal effect, and the amended section of the Revised Code must be taken and construed as a composite of all three acts.

"It is also contended by the appellees that under the provisions of §5705.27 R. C., the budget commission was required to act between the first Monday in August and September 1, 1957, on the 1958 apportionment of the local government fund; that since §5739.23 R. C., as amended, was not effective until September 16, 1957, the budget commission had power only to apportion under the old provisions of §5739.23 R. C., as in effect during August 1957; and that a holding otherwise would give retroactive effect to the amended statute, within the meaning of Section 28, Article II, Ohio Constitution."

It appears to us that this case must control the disposition of the questions here presented. The city of Oregon prior to November 25, 1957, had no officials of any kind who could do any of the things required of a municipal corporation, the preparation of budgets, filing them or holding public hearings with respect thereto. It is not questioned here that they acted as rapidly as possible. They represent a large area with a considerable population and with miles of streets and highways which suddenly had become their responsibility along with performance of

other duties imposed on municipal corporations. We feel that the conclusions reached by the State Board of Tax Appeals are sound and in accordance with law and that the objections made on behalf of the city of Toledo are not well taken. Accordingly the two assignments of error are overruled and held for naught and the judgment of the State Board of Tax Appeals is affirmed and the cause remanded to said Board.

MILLER and DUFFY, JJ, concur.